# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| LESLIE SCOTT, TAL BECKER, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RVSHARE LLC<br><br>    Defendant. | Case No. 3:21-cv-00401<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Judge Alistar Newbern |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT RVSHARE LLC'S MOTION TO STAY PROCEEDINGS AND COMPEL INDIVIDUAL ARBITRATION

Michael G. Abelow (#026710)
Alice E. Haston (#038708)
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Ave. S, Suite 1100
Nashville, TN 37201
P: 615-742-4200
F: 615-742-4539
mabelow@srvhlaw.com
ahaston@srvhlaw.com

Patrick J. Krebs (*pro hac vice*)
Daniel H. Bryan (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER, LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
P: 216-706-3867
F: 216-241-3707
pkrebs@taftlaw.com
dbryan@taftlaw.com

*Counsel for Defendant RVshare LLC*

**1.      RVshare's website presentation is an enforceable clickwrap agreement.**

Plaintiffs cannot escape the consequences of their conceded actions in twice clicking "Agree" and "Confirm," after being expressly told of the consequences of such actions, and their arguments in opposition are inapposite. For example, Plaintiffs argue (at 8-10) that the website is "hybridwrap." But even if that were the case, *their own citations* hold that, similar to clickwrap, "Courts will give effect to hybridwrap terms where the button required to perform the action manifesting assent (e.g., signing up for an account or executing a purchase) is located directly next to a hyperlink to the terms and a notice informing the user that, by clicking the button, the user is agreeing to those terms." *Nicosia v. Amazon.com, Inc.*, 384 F. Supp. 3d 254, 266 (E.D.N.Y. 2019) (compelling arbitration). In *Nicosia*, assent was manifested where a user clicked "Sign Up," which was next to text stating "By signing up, you acknowledge that you have read and agree to the Amazon Prime Terms and Conditions." *Id.* at 269. The court focused on the statement's use of the "contract-forming" term "agree," which, as with RVshare's site, "leaves no doubt as to the legal consequences of proceeding with the transaction." *Id.* Indeed, RVshare's website provides better notice, because its first button also states "Agree," not merely "Sign up."

Plaintiffs' citations (at 9-10) to *Anand v. Heath*, 19-cv-16, 2019 WL 2716213 (N.D.Ill. June 28, 2019) drive the point home. In *Anand*, clicking "Continue" was not a per se manifestation of assent because the proximate disclosure said "I understand and agree" without explaining that clicking "Continue" would constitute assent to the terms. *Id.* at *4. Indeed, the court concluded that had there been text "expressly linking an action by the user to the manifestation of assent" that would be "readily distinguishable." *Id.* at *5 (citing six cases compelling arbitration in that circumstance). RVshare's website—like the six examples in *Anand*—expressly discloses that clicking "Agree" and "Confirm" means "you are agreeing to RVshare Terms."

1

Indeed, RVshare's layout of text next to the "Agree" and "Confirm" buttons is what renders RVshare's site clickwrap and negates Plaintiffs' discussion of browsewrap (at 7-8) and proximity in browsewrap cases (at 14-16). As *Plaintiffs' own authority makes clear*, a site is not browsewrap if it prompts users "to take any affirmative action to demonstrate assent," which is exactly what RVshare's website does. *Nguyen v. Barnes & Noble*, 763 F.3d 1171, 1179 (9th Cir. 2014).

**2.     RVshare's clickwrap agreement is conspicuous.**

Plaintiffs argue (at 10-17) that RVshare's website disclosures are not conspicuous. But neither of Plaintiffs' declarations state that RVshare's disclosures or links were too small for them to read or too cluttered for them to notice *had they been acting reasonably and prudently in completing a $1,000+ transaction*. (Compl. ¶¶ 54, 73.) Plaintiffs cannot raise fact issues in their brief with unsubstantiated arguments to which they are unable or unwilling to swear.

Regardless, as in the *Anderson* cases (discussed below), RVshare's text was legible, in close proximity to the buttons, and in a different, offsetting color. That is sufficient. *E.g.*, *Wickberg v. Lyft, Inc.*, 356 F. Supp. 3d 179, 184 (D.Mass. 2018) (smaller pink font sufficient); *Feld v. Postmates, Inc.*, 442 F. Supp. 3d 825, 831 (S.D.N.Y. 2020) (smaller font); *Fagerstrom v. Amazon.com*, 141 F. Supp. 3d 1051, 1069 (S.D.Cal. 2015) ("The notice of the COUs may not dominate the entire checkout page display, but it is reasonable notice, and that is all that is required."); *Fischer v. Instant Checkmate LLC*, 19-cv-4892, 2021 WL 3033586, at *6 (N.D.Ill. July 19, 2021) ("The disclosure of the Terms of Use was certainly not the most prominent feature of [the] webpage, but the page provided reasonable notice, unambiguously referring to the Terms in legible text and providing easy access for users who cared to read further.").[1]

---

[1] Plaintiffs also argue (at 13-14) they were confused by a checkbox on the "Begin Your Booking" screen used to "certify" that they had a driver's license and were 25 years old. Again, a reasonably prudent person would have read the language next to "Agree and Continue" and not assumed unnecessary redundancy. Plaintiffs cite to no contrary authority. In any event, the final "Confirm and Pay" screen lacks the checkbox, so Plaintiffs would still be bound.

2

### 3. Plaintiffs manifested assent by clicking "Agree" and "Confirm."

There is no dispute that Plaintiffs clicked the "Agree" and "Confirm" buttons. Klenotic's declaration established this, and Plaintiffs *concede they did click*. (Pls.' Decls. ¶ 6.)

"In determining mutuality of assent, courts use an objective standard based on the manifestations of the parties." *T.R. Mills Contractors, Inc. v. WRH Enters.*, 93 S.W.3d 861, 866 (Tenn.App. 2002). "In other words, we must determine whether a reasonable onlooker, based upon the parties' outward manifestations, would conclude that the [parties] agreed to be bound." *Moody Realty Co. v. Huestis*, 237 S.W.3d 666, 674 (Tenn.App. 2007); *Wynn v. Five Star Quality Care Tr.*, 3:13-cv-1338, 2014 WL 2560603, at *6 n.13 (M.D.Tenn. June 5, 2014) (citing same); *Palmer v. Diamond Resorts Intl. Club, Inc.*, 619-cv-2178, 2020 WL 1027450, at *2 (M.D.Fla. Feb. 14, 2020) ("Under the objective standard of assent ... the law imputes an intention that corresponds with the reasonable meaning of a party's words and acts."); *Silvers v. Verbata, Inc.*, 5:17-cv-169, 2018 WL 1863777, at *3 (M.D.Fla. Mar. 22, 2018) (assent is objective).[2]

Thus, Plaintiffs' artfully hedged averments that "to my memory" they do not recall seeing the Terms of Service are irrelevant. As Plaintiffs concede (at 11), "[t]he question here is whether a reasonable person would understand they were assenting." (*Accord* Opp. at 6: "[the site must put] a reasonably prudent user on inquiry notice.") And as set forth in RVshare's motion, courts routinely enforce presentations of terms like RVshare's as sufficient to inform a reasonably prudent person, because the terms are hyperlinked and the user is informed that clicking a button is an agreement to be bound. A comparison of RVshare's site with accepted presentations is attached as Exhibit 1. And as set forth below, RVshare's website provides greater notice than the *Anderson* presentations, which Plaintiffs' opposition concedes are sufficient.

---

[2] Notwithstanding Plaintiffs' argument (at 19), where facts are not in dispute, "mutual assent" and "whether a contract has been formed is a question of law." *Kutite, LLC v. Excell Petro., LLC*, 780 Fed. Appx. 254, 263 (6th Cir. 2019).

### 4. Plaintiffs concede that the similar notices in *Anderson* were sufficient.

Plaintiffs largely ignore RVshare's supporting case law and bury their discussion of the *Anderson* cases at the end of their opposition for a reason: those cases are fatal to their position. There is no material difference between the *Anderson* website presentations and RVshare's (*Anderson I* even had an unrelated "checkbox"). That is crucial because Plaintiffs concede (at 21) that "***[i]n Anderson I and Anderson II, the Terms of Use were not hidden from the consumer, and they required assent and confrontation by the user***." (Emphasis added.) After displaying the *Anderson* website presentations, Plaintiffs further concede "***the hyperlinks in the Anderson cases were prominently displayed directly above the 'confirm and pay' and 'place order' buttons which were required to complete a purchase***." (Emphasis added.) RVshare's website provided better notice than *Anderson*—presenting its Terms of Service twice, in closer proximity, requiring two clicks, and titling its buttons "Agree" and "Confirm." Given Plaintiffs' concession that the *Anderson* notices were sufficient, RVshare's notices are likewise sufficient.

Plaintiffs' attempt to distinguish the *Anderson* cases, because they discussed whether the websites' notices were procedurally unconscionable, should be rejected. *Anderson II* explained that the distinction between browsewrap and clickwrap dovetails with unconscionability. 490 F. Supp. 3d 1274, n.5. Indeed, in *Anderson II*, the plaintiff argued—as Plaintiffs do here—that he "never assented to arbitrate" because he did not "check a box" or "click on anything saying 'I agree.'" *Id.* at 1274-75. Rejecting this argument, the court explained "a clickwrap agreement is an agreement as to which a website user must manifest assent to terms of the agreement by clicking an icon." *Id.* Because Anderson clicked and manifested assent—as Plaintiffs did here—the court held that "the parties agreed to arbitration by the terms." *Id.* at 1276. Accordingly, this Court should follow the *Anderson* cases and grant RVshare's motion.

4

### 5. Plaintiffs have not raised a genuine issue of material fact.

Plaintiffs are correct (at 3) that the initial standard for evaluating RVshare's motion mirrors the summary judgment standard, and that it is Plaintiffs' burden to "show a genuine issue of material fact as to the validity of the agreement to arbitrate." But they are incorrect (at 5) that raising an issue warrants denial of RVshare's motion. Rather, if Plaintiffs had raised a genuine issue of material fact, it would require a trial on the issue. 9 U.S.C. § 4; *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). But Plaintiffs have not done so here.

There is no dispute that RVshare's website presented linked Terms of Service in close proximity to disclosures stating "By clicking 'Agree & Continue'" and "Confirm and Pay" a user is "agreeing to" the Terms of Service. This was confirmed by Klenotic's declaration. Despite Plaintiffs' unsupported challenge (at 22), Klenotic had sufficient knowledge because he oversees RVshare's back-office operations, he reviewed RVshare's records, and because officers have a presumption of knowledge. *AGI Realty Serv. Grp. v. Red Robin Int'l,* 1996 WL 143465, at *4 (6th Cir. 1996). If there were any doubt, the court can "take judicial notice of the contents of an Internet website." *Energy Automation Sys., Inc. v. Saxton*, 618 F. Supp. 2d 807, 810 (M.D.Tenn. 2009).

Last, Plaintiffs claim (at 22-24) RVshare's website may have varied based on what browser is used and screen size. Yet Plaintiffs never provide evidence that *they* saw anything different than what is provided in Klenotic's declaration. Summary judgment is a "put up or shut up" moment and Plaintiffs were required to "do more than simply show that there is some metaphysical doubt as to material facts." *Tillotson v. Manitowoc Co.*, 727 F. App'x 164, 169 (6th Cir. 2018).

### CONCLUSION

Accordingly, for all of these reasons and the reasons in RVshare's motion, the Court should grant RVshare's motion to stay proceedings and compel individual arbitration.

Dated: August 30, 2021                    Respectfully submitted,

                                          /s/ *Michael G. Abelow*
                                          Michael G. Abelow (#026710)
                                          Alice E. Haston (#038708)
                                          SHERRARD ROE VOIGT & HARBISON, PLC
                                          150 Third Ave. S, Suite 1100
                                          Nashville, TN 37201
                                          P: 615-742-4200
                                          F: 615-742-4539
                                          mabelow@srvhlaw.com
                                          ahaston@srvhlaw.com

                                          Patrick J. Krebs (*pro hac vice*)
                                          Daniel H. Bryan (*pro hac vice*)
                                          TAFT STETTINIUS & HOLLISTER, LLP
                                          200 Public Square, Suite 3500
                                          Cleveland, Ohio 44114-2302
                                          P: 216-706-3867
                                          F: 216-241-3707
                                          pkrebs@taftlaw.com
                                          dbryan@taftlaw.com

                                          *Counsel for Defendant RVshare LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2021, a true and exact copy of the foregoing was electronically filed with the Clerk's office using the CM/ECF system, which sent a notification to all parties registered with the Court's electronic filing system, including the following:

James C. Bradshaw III
Wyatt, Tarrant & Combs, LLP
333 Commerce St., Suite 1050
Nashville, TN 37201
(615) 244-0020
jbradshaw@wyattfirm.com

Cam F. Justice
Adam D. Breit
Justice Law
8551 W. Sunrise Blvd., Suite 300
Plantation, FL 33322
(954) 515-5656
justicepleadings@justiceinjurylawyer.com
abreit@justiceinjurylawyer.com

*Counsel for Plaintiffs*

/s/ *Michael G. Abelow*
Michael G. Abelow

70934529v1

7
Case 3:21-cv-00401   Document 33   Filed 08/30/21   Page 8 of 8 PageID #: 285